FILED
FEBRUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **IDEX Corp., Eastern Plastics, Inc., Pulsafeeder, Inc., and Felice DiMascio,** § § § | | **08 C 1114** |
| **Plaintiffs,** § § | | |
| v. § § | Civil Action No. _____ | |
| **Dripping Wet Water, Inc., Allison H. Sampson, and Richard L. Sampson,** § § § § § | | **JUDGE SHADUR** **MAGISTRATE JUDGE SCHENKIER** |
| **Defendants,** § | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs IDEX Corp. ("IDEX"); Eastern Plastics, Inc. ("Eastern Plastics"); Pulsafeeder, Inc. ("Pulsafeeder"); and Felice DiMascio, by and through their undersigned counsel, for their relief against Defendants Dripping Wet Water, Inc. ("DWW") and Allison H. Sampson and Richard L. Sampson (collectively, "the Sampsons"), state as follows:

### NATURE OF THIS ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Law, 35 U.S.C. § 100 *et seq*.

2. Plaintiffs bring this action for at least the declaration that claims Defendants have threatened against Plaintiffs, as illustrated in the case entitled *Dripping Wet Water, Inc. et al v. IDEX Corporation et al*, Case No. 5:07-cv-531-XR (W.D. Tex.), are without merit and barred by a prior settlement agreement with Plaintiffs or parties in privity with Plaintiffs.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the laws of the United States, 28 U.S.C. § 1332 (diversity of citizenship); § 1338 (patents); and §§ 2201 and 2202 (as a declaratory action in a case of actual controversy within the jurisdiction of a federal court).

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

5. IDEX is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Northbrook, Illinois. IDEX is a global fluidics leader serving high growth specialized markets.

6. Eastern Plastics is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 110 Halcyon Drive, Bristol, Connecticut 05010. Eastern Plastics is a world leader in plastic machining and has been manufacturing custom machined plastic parts for original equipment manufacturers around the world since 1960. Eastern Plastics is part of the IDEX Health & Science group of IDEX Corporation.

7. Pulsafeeder is a corporation organized and existing under the laws of the State of Delaware with its principal places of business located in New York and Florida. Pulsafeeder is a wholly-owned subsidiary of IDEX, and offers a wide range of products for nearly any fluid metering, transfer, or control application.

8. Felice DiMascio is an individual who resides in Connecticut. Since late last year, Mr. DiMascio has been an employee of Nalco Company ("Nalco"), which is a leading integrated water treatment and process improvement company. Upon information and belief, Nalco is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Naperville, Illinois.

9. Upon information and belief, DWW is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 141 Industrial #300, Boerne, Texas 78006.

10. Upon information and belief, the Sampsons both are individuals residing at 29520 Red Bud Hill, Fair Oaks Ranch, Texas 78015.

## BACKGROUND

11. The parties have had prior disputes regarding the ownership of technology related to chlorine dioxide ($ClO_2$) production. Chlorine dioxide is a highly effective, environmentally-friendly biocide. Chlorine dioxide has utility in water treatment and disinfection. Because of difficulties associated with the transportation of $ClO_2$, it is typically generated on-site at the point-of-use.

12. Until July 28, 2006, IDEX had a wholly-owned subsidiary called Halox Technologies, Inc. ("Halox"). Halox operated in the field of $ClO_2$ generators.

13. Mr. DiMascio was an employee of Halox. While at Halox, Mr. DiMascio applied for certain U.S. patents related to $ClO_2$ generators, some of which have already issued and some of which are still pending (collectively, the "DiMascio patents and patent applications").

14. Halox merged with and into Eastern Plastics on July 28, 2006. The $ClO_2$ business of Eastern Plastics—essentially the business that was formerly Halox— was subsequently sold to Nalco in 2007. This deal was principally negotiated between officers of IDEX, located in Northbrook, Illinois, and officers of Nalco, located in Naperville, Illinois.

15. As part of the deal between Nalco and Eastern Plastics, Eastern Plastics retained and continues to own the DiMascio patents and patent applications. Mr. DiMascio now works for Nalco.

16. Upon information and belief, DWW and the Sampsons conduct business regularly with Nalco, and have an ongoing business relationship by which DWW and the Sampsons have sold $ClO_2$ technology and provide consulting services to Nalco. Upon information and belief, the Sampsons, in their capacity as representatives of DWW, have continuous and ongoing

contacts with the State of Illinois through their dealings with Nalco, and these contacts relate specifically to the patents and technology about which Defendants have threatened Plaintiffs with a lawsuit.

17. Defendants previously sued Plaintiffs (except for Plaintiff Eastern Plastics) in the Western District of Texas in 2003, but the case was quickly transferred to the District of Connecticut. The case proceeded in the District of Connecticut styled as *Halox Techs., Inc. v. Dripping Wet Water, Inc. et al.*, Case No. 3:03cv1008 (D. Conn.), and Defendants' claims from the original Texas complaint ultimately became counterclaims in the Connecticut case. (*See* Ex. A for Connecticut Counterclaims). These counterclaims were based on many of the same operative facts as the present case, as well as another case currently pending (although subject to a motion to dismiss) in the Western District of Texas.

18. The parties resolved the Connecticut case by entering into a Settlement Agreement on May 26, 2006, which provided dismissal **with prejudice** of the parties' claims and counterclaims. Ex. B. The only limitation in the Settlement Agreement was the parties' reservation of "any and all rights . . . to claims and defenses related to patent interference proceedings and any alleged patent infringement." *Id.* ¶ 5. This reservation of rights was included because the parties knew at the time that there might be disputes regarding ownership of certain technology -- the technology now at issue in the ongoing litigation -- and wanted to establish the mechanism by which such disputes could be adjudicated. In any event, this reservation of rights is not applicable here because neither Party has attempted to provoke an interference proceeding nor alleged any patent infringement.

19. In violation of the Settlement Agreement, and without any basis for personal jurisdiction over the named defendants in the case, DWW and the Sampsons filed a lawsuit on

June 22, 2007 in the Western District of Texas (the "Texas Complaint" is attached Ex. C). The case is styled as *Dripping Wet Water, Inc. et al v. IDEX Corporation et al*, Case No. 5:07-cv-531-XR (W.D. Tex.). Plaintiffs IDEX, Pulsafeeder and DiMascio are defendants in the Texas action, and have moved to dismiss that action for failure of service, lack of personal jurisdiction, and for failure to state a claim. Defendants' claims in the Texas action are further precluded by the prior Settlement Agreement under the doctrine of *res judicata* because (a) the parties are identical or in privity; (b) a court of competent jurisdiction rendered the prior judgment; (c) the prior action concluded with a final judgment on the merits; and (d) both actions involved the same claim or cause of action.

20. Defendants—DWW and the Sampsons—were the defendants and counter-plaintiffs in the previous Connecticut suit. Plaintiffs Pulsafeeder and IDEX were counter-defendants, and Halox was the plaintiff. The only new party in the Texas litigation is Mr. DiMascio; however, Mr. DiMascio is in privity with Halox insofar as he was a former employee of Halox (when Halox existed). Accordingly, the parties to both lawsuits are either identical or in privity so as to justify the application of *res judicata*.

21. In their pleadings, all of the named parties to the previous Connecticut litigation conceded jurisdiction in federal court in the District of Connecticut.

22. The Settlement Agreement, under which the parties stipulated to dismissal with prejudice, constituted a final judgment on the merits. Consequently, Defendants signed away their rights to re-litigate any issues or claims arising out of that litigation, and the Settlement Agreement operates as a full and final disposition on the merits.

23. Because both lawsuits involve the same nucleus of operative facts, the doctrine of *res judicata* bars not only those claims that were brought in the previous Connecticut litigation, but

also those claims that could have been brought based on the same nucleus of operative facts. Defendants' complaint in Texas adds little to the factual background of the previous Connecticut litigation, which alleged that Plaintiffs obtained detailed disclosures of DWW's technology and business plans under false pretenses, copied that technology, and subsequently claimed sole inventorship and exclusive rights to that technology. Indeed, the single patent (U.S. Patent No. 6,913,741) for which Plaintiffs seek correction in their Texas Complaint derives from the patent application that is discussed at paragraph 46 of the Counterclaim filed in the prior Connecticut case. Thus the two litigations involve the same causes of action for purposes of the *res judicata* analysis.

## CLAIM FOR RELIEF

### (Declaratory Judgment that Defendants' Claims Are Barred by Prior Settlement Agreement)

24. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 31 above.

25. Defendants' assertion of legal claims for (a) addition of inventors pursuant to 35 U.S.C. § 256; (b) declaratory judgment of ownership interest in the DiMascio patents and patent applications and/or right to use same; (c) unjust enrichment; (d) fraud and intentional concealment; (e) unfair competition, as alleged in the Texas litigation, are precluded under the doctrine of *res judicata*. Parties to both litigations are identical or in privity; a court of competent jurisdiction already rendered a prior judgment (*i.e.*, Settlement Agreement entered by the United States District Court for the District of Connecticut); the Settlement Agreement constituted a final judgment on the merits; and both actions involve the same claims or causes of action for *res judicata* purposes.

26. Plaintiffs seeks a judicial declaration that Defendants' claims are without merit and barred by the prior Settlement Agreement is appropriate and necessary.

27. Plaintiffs seek a judicial declaration that Defendants' claims regarding ownership and/or inventorship of pending patent applications are premature and not properly subject to court jurisdiction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court enter judgment as follows:

A. That claims Defendants have threatened against Plaintiffs, as illustrated in the case entitled *Dripping Wet Water, Inc. et al v. IDEX Corporation et al*, Case No. 5:07-cv-531-XR (W.D. Tex.), are without merit and barred by the prior settlement agreement with Plaintiffs or parties in privity with Plaintiffs;

B. That Defendants' claims regarding ownership and/or inventorship of pending patent applications are premature and not properly subject to court jurisdiction;

C. That this case is exceptional such that, pursuant to 35 U.S.C. § 285, Plaintiffs be awarded their attorneys' fees and costs; and

D. That Plaintiffs be granted such other and further relief as this Court may deem just and proper.

Dated: February 22, 2008         Respectfully submitted,

_/s/_ David K. Callahan_____
David K. Callahan, P.C. (6206671)
Marcus E. Sernel (6243853)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

ATTORNEYS FOR PLAINTIFFS