# EXHIBIT B

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of the 26th day of May, 2006, by and between Halox Technologies, Inc., IDEX Corporation, and Pulsafeeder, Inc. (collectively, the "Halox Parties"), on the one side, and Dripping Wet Water, Inc., Richard L. Sampson, and Allison H. Sampson (collectively, the "DWW Parties"), on the other side. The Halox Parties and DWW Parties are collectively referred to as the Parties to this Agreement.

## RECITALS

1.  The Halox Parties and DWW Parties are parties to an action entitled *Halox Technologies, Inv. v. Dripping Wet Water, Inc., Richard L. Sampson, and Allison H. Sampson*, presently pending in the United States District Court for the District of Connecticut as Case No. 3:03CV1008 (the "Litigation".)

2.  In the Litigation, Halox Technologies, Inc. filed a Second Amended Complaint against the DWW Parties. The DWW Parties filed a Counterclaim against the Halox Parties.

3.  Without any admissions of any kind, and solely to avoid the expense, burdens, and hazards of the pending Litigation, the Parties to this Agreement desire to terminate the Litigation but preserve certain rights each may have. This settlement is intended to terminate the pending Litigation but not constitute a full and complete settlement of any all disputes that may exist between the parties.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  **Recitals.** The recitals set forth above are incorporated into and made a part of this Agreement as if fully set forth herein.

2.  **Effectiveness.** This Agreement shall become effective upon delivery of fully executed counterpart copies of this Agreement to each of the Parties.

*Halox adv. DWW / Settlement Agreement executed copy*

3.  *Dismissal of Litigation.* The Parties stipulate and agree that the Litigation, Halox Technologies, Inc.'s Second Amended Complaint, and the DWW Parties' Counterclaim, shall each be dismissed with prejudice. The Parties agree to execute a stipulation to dismiss, substantially in the form of Exhibit A hereto, and shall cooperate with each other in the filing of the stipulation and the dismissal of the Litigation with prejudice.

4.  *Declaration of Ownership.* The Halox Parties acknowledge and agree that DWW is the owner of patent application 09/919,918.

5.  *Reservation of Rights.* Except as stated in paragraph 4 above, each Party to this Agreement each fully reserves any and all rights such Party or its assignees and licensees may have as to claims and defenses related to patent interference proceedings and any alleged patent infringement.

6.  *Consent to Representation.* The Halox Parties consent to the representation of the DWW Parties by Harvey Jacobson.

7.  *No Admissions.* Nothing contained in this Agreement shall be considered an admission of liability on the part of either Party.

8.  *Binding Agreement.* This Agreement shall be binding upon and inure to the benefit of the Parties and their respective parents, subsidiaries, affiliates, officers, directors, shareholders, employees, agents, successors and assigns.

9.  *Amendment.* No amendment, interpretation, waiver, or termination of any of the provisions of this Agreement shall be effective unless made in writing and signed by each of the Parties to this Agreement.

10. *Attorneys' Fees.* Each Party shall bear its own attorneys' fees, costs and expenses incurred in the preparation and execution of this Agreement and in connection with the Litigation.

11. Non-Reliance. Each Party represents and warrants to the other that it is not relying on any statement or representation of the other Party not expressly stated in this Agreement.

12. Integration. This Agreement constitutes the entire understanding between the Parties and supersedes any prior understandings, promises, or agreements, written or oral, that in any way relate to the subject matter hereof.

13. Counterparts. This Agreement may be executed in counterparts.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first set forth above.

**IDEX CORPORATION, INC.**

By: _[signature]_
Title: _Vice President - General Counsel_
Date: _May 31, 2006_

**HALOX TECHNOLOGIES, INC.**
**PULSAFEEDER, INC.**

By: _[signature]_
Title: _PRESIDENT, PULSAFEEDER_ Date: _____
Date: _5/26/06_

**DRIPPING WET WATER, INC.**

By: _____
Title: _____
Date: _____

**RICHARD L. SAMPSON**

_____

**ALLISON H. SAMPSON**

_____

Date: _____

W0026557v3

-3-

11. <u>Non-Reliance</u>. Each Party represents and warrants to the other that it is not relying on any statement or representation of the other Party not expressly stated in this Agreement.

12. <u>Integration</u>. This Agreement constitutes the entire understanding between the Parties and supersedes any prior understandings, promises, or agreements, written or oral, that in any way relate to the subject matter hereof.

13. <u>Counterparts</u>. This Agreement may be executed in counterparts.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first set forth above.

**IDEX CORPORATION, INC.**

By: _____

Title: _____

Date: _____

**HALOX TECHNOLOGIES, INC.**
**PULSAFEEDER, INC.**

By: _____

Title: _____

Date: _____

**DRIPPING WET WATER, INC.**

By: *[signature] Richard L. Sampson*

Title: *Vice President*

Date: *June 8, 2006*

**RICHARD L. SAMPSON**

*[signature] Richard L. Sampson*

Date: *June 8, 2006*

**ALLISON H. SAMPSON**

*[signature] Allison H. Sampson*

Date: *6/8/06*

W0026557v3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HALOX TECHNOLOGIES, INC., <br><br> Plaintiff, <br> Counterclaim Defendant <br> v. <br><br> DRIPPING WET WATER, INC., <br> RICHARD L. SAMPSON and <br> ALLISON H. SAMPSON, <br><br> Defendants, <br> Counterclaim Plaintiffs | Civil Action No. 3:03CV01008 (SRU) |
| PULSAFEEDER, INC. and IDEX CORP. <br><br> Additional Counterclaim <br> Defendants | |

## STIPULATION TO DISMISS WITH PREJUDICE

The parties, by their undersigned counsel, hereby stipulate to the dismissal with prejudice of the Second Amended Complaint and the Counterclaim in this action, each party to bear its own costs and attorneys fees, all matters in controversy having been fully compromised and settled.

For Plaintiff and
Counterclaim Defendants,

*/s/ Gerald G. Saltarelli*

Gerald G. Saltarelli, Esq.
Admitted: *Pro Hac Vice*
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, IL 60602
Phone: 312-444-9660
Fax: 312-444-9287

- and -

Charles F. O'Brien (ct 22074)
Michael J. Rye (ct 18354)
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

For Defendants and
Counterclaim Plaintiffs,

_____

Frank Frisenda, Jr.
Admitted *Pro Hac Vice* (0670)
Frisenda, Quinton & Nicholson
11601 Wilshire Blvd., Suite 500
Los Angeles, California 90025
Telephone: (702) 792-3910
Facsimile: (702) 792-3604

- and -

Edward R. Scofield, Esq. (CT00455)
Zeldes, Needle & Cooper PC
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Phone: (203)333-9441
Fax: (203)333-1489

For Plaintiff and
Counterclaim Defendants,

_____
Gerald G. Saltarelli, Esq.
Admitted: *Pro Hac Vice*
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, IL 60602
Phone: 312-444-9660
Fax: 312-444-9287

- and -

Charles F. O'Brien (ct 22074)
Michael J. Rye (ct 18354)
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

For Defendants and
Counterclaim Plaintiffs,

_____
Frank Frisenda Jr.
Admitted *Pro Hac Vice* (0670)
Frisenda, Quinton & Nicholson
11601 Wilshire Blvd., Suite 500
Los Angeles, California 90025
Telephone: (702) 792-3910
Facsimile: (702) 792-3604

- and -

Edward R. Scofield, Esq. (CT00455)
Zeldes, Needle & Cooper PC
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Phone: (203)333-9441
Fax: (203)333-1489

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HALOX TECHNOLOGIES, INC., <br><br> Plaintiff, <br> Counterclaim Defendant <br> v. <br><br> DRIPPING WET WATER, INC., <br> RICHARD L. SAMPSON and <br> ALLISON H. SAMPSON, <br><br> Defendants. <br> Counterclaim Plaintiffs <br><br> PULSAFEEDER, INC. and IDEX CORP. <br><br> Additional Counterclaim <br> Defendants | Civil Action No. 3:03CV01008 (SRU) |

## [PROPOSED] ORDER OF DISMISSAL

IT IS HEREBY ORDERED, that plaintiff's second amended complaint and defendants' counterclaims are hereby dismissed with prejudice, each party to bear its own costs and attorneys fees.

**SO ORDERED** this _____ day of _____, 2006

_____
Honorable Stefan R. Underhill
Judge of the United States District Court
For the District of Connecticut