IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IDEX Corp., et al.,                    )
                                       )
            Plaintiffs,      )
                                       )
    v.                                 )      No.  08 C 1114
                                       )
DRIPPING WET WATER, INC., et al.,   )
                                       )
            Defendants.      )

MEMORANDUM ORDER

    This action has just been delivered to this Court's calendar

via this District Court's random assignment system.  Because of

the regular (and entirely proper) reminders from our Court of

Appeals that subject matter jurisdiction must be policed sua

sponte (see, e.g, Wernsing v. Thompson, 423 F.3d 732, 743 (7th

Cir. 2005)), this memorandum order is being issued contempora-

neously with this Court's customary initial scheduling order,

which will take effect only if the flaw identified here proves to

be curable.

    IDEX Corp., Eastern Plastics, Inc., Pulsafeeder, Inc. and

Felice DiMascio have filed a Complaint for Declaratory Judgment,

purporting to ground federal jurisdiction both (1) under the

patent laws and (2) on asserted diversity of citizenship under 28

U.S.C. §1332.[1]  Although the jurisdictional allegations in

Complaint ¶3 also refer to the Declaratory Judgment Act, Sections

---

    [1]    All further references to Title 28's provisions will
simply take the form "Section--."

2201 and 2202, that statute is not of course a fount of federal jurisdiction, and hence it is disregarded for present purposes. And as for any claimed federal question jurisdiction, the Complaint is clearly not grounded in the patent statute--instead it simply seeks to enforce a Settlement Agreement under principles of issue preclusion:  a common law claim.[2]

That being the case, the identification of the parties' citizenship is defective because it speaks of the individual parties only in terms of their places of <u>residence</u>, not their respective states of <u>citizenship</u> (see Complaint ¶¶8 and 10). Under those circumstances our Court of Appeals teaches (<u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998), quoting <u>Guaranty Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction.  It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

Nonetheless, on the assumption that the jurisdictional defect may be readily curable, this Court is loath to force on plaintiffs the payment of a second filing fee, which would be the consequence of complying with the literal teaching of <u>Held</u>. Accordingly plaintiffs' counsel is ordered to file an appropriate amendment to the Complaint on or before March 7, 2008, and as

---

[2]  It is irrelevant that the Settlement Agreement grew out of patent litigation (cf. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994)).

stated earlier this Court is issuing an initial scheduling order
on the premise that the amendment will take care of the problem.
In the meantime, however, plaintiffs' counsel should also
accompany the corrective pleading with an explanation of why this
action is being instituted in this judicial district rather than
in the Texas forum in which the parties are presently doing
battle (see Complaint ¶19) or, perhaps, in the District of
Connecticut where the litigation that resulted in the parties'
Settlement Agreement took place.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 26, 2008